2007 WY 56

**Ronald E. PINTHER, Appellant (Petitioner),**

v.

**STATE of Wyoming DEPARTMENT OF ADMINISTRATION AND INFORMATION, Appellee (Respondent).**

No. 06–196.

Supreme Court of Wyoming.

April 9, 2007.

Representing Appellant: Ronald E. Pinther, Pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Michael L. Hubbard, Deputy Attorney General; Ryan T. Schelhaas, Senior Assistant Attorney General; and Elizabeth B. Lance, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   This is a W.R.A.P. 12.11 appeal from the district court's adverse ruling in regard to the appellant's petition for review of agency action.  We affirm the rulings of the district court and the agency.

### ISSUE

[¶ 2]   The dispositive issue in this case is whether the Wyoming Department of Administration and Information violated the State's Personnel Rules or the appellant's constitutional right to the due process of law by denying his request that a grievance commit-

tee be appointed to consider his demand for a job reclassification and salary increase.

## FACTS

[¶ 3] The appellant is employed by the above-mentioned Department. On April 1, 2005, he wrote a letter to his Division Administrator seeking a job reclassification and salary increase. Having not received a satisfactory response, the appellant on September 2, 2005, wrote to the Internal Services Supervisor of his division, stating that he was "filing a grievance." The Internal Services Supervisor responded on September 8, 2005, informing the appellant that his request had been forwarded to the Department's Human Resources Division, and that his salary would not be adjusted because it "is within the fair and equitable range for the position classification ... on the 2004 Monthly Compensation table that is currently in use." The Internal Services Supervisor's response went on to inform the appellant that "[i]f this decision is unsatisfactory to you, you may present the grievance in writing to the agency head pursuant to the State of Wyoming Personnel Rules Chapter 5(c)."

[¶ 4] On September 16, 2005, the appellant submitted a written grievance to the Department Director, pursuant to Chapter 12, Section 5(c) of the Personnel Rules. In his grievance, the appellant presented his current salary and classification status, compared them to certain "benchmark" minimum and average salaries, and requested that his monthly salary be raised to $4,619. In a letter to the Director ten days later, the appellant thanked the Director for meeting with him the previous week to discuss the grievance, and reiterated the particular salary increase requested.

[¶ 5] Apparently receiving no response to his meeting with the Director, or to his follow-up letter, the appellant wrote to the Department's Human Resources Administrator on October 7, 2005, requesting that a grievance committee be established pursuant to Chapter 12, Section 5(e) of the Personnel Rules. In a letter dated October 12, 2005, the Human Resources Administrator denied the appellant's request for a grievance committee. The appellant then petitioned the district court for review of that action. This appeal followed the district court's ruling upholding the Department's decision.

## STANDARD OF REVIEW

[¶ 6] "When considering an appeal from a district court's review of agency action, we accord no special deference to the district court's conclusion." *French v. Amax Coal West,* 960 P.2d 1023, 1027 (Wyo.1998). "Instead, we review the case as if it had come directly to us from the administrative agency." *Id.* The scope of that review, which is set forth in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005), has been stated many times and need not be repeated herein.

## DISCUSSION

[¶ 7] The discussion of this issue can perhaps best begin with the appellant's own summary of his argument:

State of Wyoming Personnel Rules promulgated and filed with the Secretary of State were not followed or enforced by the Human Resources Administrator as required by Chapter 1 Section 4 of the State of Wyoming Personnel Rules. Ronald E. Pinther was denied the benefit of a hearing of evidence and an opportunity to cross examine witnesses and therefore did not receive adequate due process when he filed his grievance with the Department of Administration and Information. Ronald E. Pinther was denied the benefit of a hearing of evidence and an opportunity to cross examine witnesses and therefore did not receive adequate due process when he presented that grievance to the Department of Administration and Information Human Resources Administrator. Ronald E. Pinther was denied the benefit of a hearing of evidence and an opportunity to cross examine witnesses and therefore did not receive adequate due process when he filed the Petition for Review in District Court.

[¶ 8] This argument fails, for two reasons: first, the Personnel Rules do not require the extensive process the appellant describes; and second, the appellant has not shown any constitutional due process right to that process under the circumstances of this

case. To begin with, position classifications are governed by Chapter 8, rather than Chapter 12, of the Personnel Rules, so the Department did not even have to offer the appellant any grievance procedures under Chapter 12. Beyond that, the key provisions of Chapter 12, if applicable, clearly leave the decision of whether to establish a grievance committee under these circumstances to the discretion of the Human Resources Administrator. Section 5(d) of Chapter 12 reads in pertinent part as follows:

> A decision by the agency head or the designee shall be the final step in the grievance procedure *unless the grievance involves a dispute in accordance with Section 5(e) of this chapter.*

State of Wyoming Personnel Rules (2001) (emphasis added). This language is significant in that it pointedly limits *any* right to a grievance committee to those situations described in Section 5(e). That section reads in full as follows:

> (e) If the decision of the agency head or the designee is unsatisfactory to the employee *and if the grievance involves a written reprimand, a disciplinary suspension or an involuntary reappointment, the employee may, within ten (10) days of the date of the decision, request the establishment of a Grievance Committee. Other matters may be considered by a Grievance Committee at the discretion of the State Human Resources Administrator.* All requests shall be submitted, in writing, to the State Human Resources Administrator and shall include the nomination of an individual to serve as a Grievance Committee member.

*Id.* (emphasis added).

[¶ 9] The import of that language is that job classification and salary increase demands do not *entitle* an employee to the establishment of a grievance committee, but, instead, it is left to the *discretion* of the Human Resources Administrator. Here, that discretion was exercised by opting not to create a committee. The record reveals sufficient consideration given to the appellant's demands—in particular he actually was given a 9.5% monthly salary increase from $3,680.30 to $4,030.30—that the rejection of a grievance committee cannot be seen as an abuse of discretion under the circumstances.

[¶ 10] The appellant did not raise below the issue of due process, so we will not consider it on appeal. *Carabajal v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2005 WY 119, ¶ 20, 119 P.3d 947, 954 (Wyo. 2005). Furthermore, even if we were to consider the issue because it is a fundamental constitutional right, the appellant has provided us with no authority to support his contention that, in seeking a pay raise, he was due more process than he received in this case. *See King v. Wyo. Div. of Criminal Investigation,* 2004 WY 52, ¶ 26, 89 P.3d 341, 351 (Wyo.2004) (party claiming due process violation must show both protected interest and impermissible infringement thereon); *Antelope Valley Improvement Dist. v. Wyo. State Bd. of Equalization,* 992 P.2d 563, 567 (Wyo.1999) (reasonable opportunity to be heard and to appeal is sufficient); *Foster's Inc. v. City of Laramie,* 718 P.2d 868, 876 (Wyo.1986) (person must have more than abstract desire for or unilateral expectation of a benefit to show a property interest).

[¶ 11] The rulings of the district court and of the Department of Administration and Information are affirmed.