2008 WY 77

Richard DOUGLASS, Appellant (Plaintiff),

v.

The WYOMING DEPARTMENT OF TRANSPORTATION, State of Wyoming, and The Wyoming Department of Information, State of Wyoming, Appellees, (Defendants).

No. S–07–0110.

Supreme Court of Wyoming.

July 9, 2008.

Representing Appellant: Timothy C. Kingston of Graves, Miller & Kingston, P.C., Cheyenne, Wyoming.

Representing Appellees: Patrick J. Crank, Wyoming Attorney General; Michael L. Hubbard, Deputy Attorney General; Ryan Schelhaas, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

KITE, Justice.

[¶ 1]   Richard Douglass sought review in the district court of a decision by the Wyoming Department of Transportation (WYDOT) denying him a salary increase.  After allowing him the opportunity to show why his petition for review should not be dismissed for late filing, the district court dismissed the petition for lack of jurisdiction.  Mr. Douglass appealed, claiming there was no final agency action starting the 30 days for filing a petition for review or, alternatively, if there was final agency action, the district court erred in dismissing his petition because he showed excusable neglect. We reverse.

## ISSUES

[¶ 2]   Mr. Douglass presents the following issues:

1.   Have the Appellees made a "final agency decision," triggering the Appellant's deadline to file a petition for review?

2.   Was there "excusable neglect" justifying the Appellant's filing of his Petition for [R]eview [63] days after the Appellees' "final agency decision"?

3.   Did the District Court commit reversible error of fact and law when it dismissed the Appellant's Petition for Review?

WYDOT states the issue as follows:

Did the district court correctly dismiss Douglass' untimely Petition for Review?

## FACTS

[¶ 3]   Mr. Douglass was employed by WYDOT.  On February 1, 2006, WYDOT reclassified his position but did not increase his salary.  Beginning in April of 2006, Mr. Douglass attempted to appeal the salary decision through the chain of command.  Apparently, his efforts were not successful and, on September 21, 2006, he filed a written grievance with WYDOT's director, John Cox, requesting that his salary be increased due to the reclassification.  In accordance with the State of Wyoming Personnel Rules (per-

sonnel rules), Mr. Cox designated Pat Collins, WYDOT assistant chief engineer, to consider the grievance.[1]

[¶4] By memorandum dated October 24, 2006, Mr. Collins informed Mr. Douglass that he was recommending a salary increase. Mr. Collins also told Mr. Douglass that he was recommending retroactive payment to Mr. Douglass of the amount of the increase from the time his position was reclassified.

[¶5] One week later, Mr. Collins sent Mr. Douglass an e-mail advising him that the Wyoming Department of Administration and Information (A & I) had reviewed his decision and concluded that Mr. Douglass was not entitled to the salary increase. Mr. Collins apologized and stated, "I will continue to look at this, and want to discuss it with you." According to Mr. Douglass, he and Mr. Collins had several subsequent discussions concerning his salary and Mr. Collins did not advise him then, or at any time, that A & I's conclusion was the final word on his grievance. Rather, Mr. Douglass understood that WYDOT was still considering his grievance. Mr. Douglass received no further written communication from WYDOT concerning his grievance.

[¶6] On November 30, 2006, Mr. Douglass wrote a letter to A & I requesting the establishment of a grievance committee to hear his salary complaint. By letter dated December 15, 2006, A & I denied his request. Sixty-three days later, on February 16, 2007, Mr. Douglass filed a petition in district court for review of WYDOT's decision to deny his salary increase request and A & I's decision to deny his grievance committee request. Mr. Douglas attached Mr. Collins' October 24, 2006, letter and A & I's December 15, 2006, letter to his petition.

[¶7] The district court entered an order to show cause why the petition should not be dismissed due to lack of jurisdiction pursuant to W.R.A.P. 2.01.[2] Mr. Douglass responded, claiming excusable neglect under W.R.A.P. 12.04, which provides:

(a) In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after service upon all parties of the final decision of the agency....

(b) Upon a showing of excusable neglect the district court may extend the time for filing the petition for review, said extension not to exceed 30 days from the expiration of the original time prescribed in paragraph (a).

[¶8] Neither WYDOT nor A & I filed a response. The district court dismissed Mr.

---

1. Wyoming State Personnel Rules, Chapter 12, Section 5(d) provides in pertinent part:
   Within seven (7) days of receiving the written grievance, the agency head or his/her designee and the appropriate management employee shall hold a conference with the employee to resolve the dispute and render a decision, in writing, to the employee....

2. W.R.A.P. 2.01 is applicable to appeals from trial courts to appellate courts. It provides as follows:
   **Rule 2.01. How and when taken; cross-appeals and dismissals.**
   (a) An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order and concurrently serving the same in accordance with the provisions of Rule 5, Wyo. R. Civ. P., (or as provided in Wyo. R. Cr. P. 32(c)(4)). The pro se filing of a notice of appeal by an inmate confined in a penal institution is additionally subject to the provisions of Rule 14.04. Within five days of the filing of the notice of appeal with the clerk of the trial court, a copy of the notice of appeal shall also be filed with the clerk of the appellate court, and in a criminal case upon the office of public defender and the office of attorney general.
   (1) Upon a showing of excusable neglect, the trial court in any action may extend the time for filing the notice of appeal not to exceed 15 days from the expiration of the original time prescribed, provided the application for extension of time is filed and the order entered prior to the expiration of 45 days from entry of the appealable order; appellant shall promptly serve appellee a copy of the order extending the time. If such an order is issued, it shall be appended to the notice of the appeal.
   (2) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 15 days of the date on which the first notice of appeal was filed.
   (b) If an appeal has not been docketed with the appellate court, the parties, with the approval of the trial court, may dismiss the appeal by stipulation filed in that court, or that court may dismiss the appeal upon motion and notice by appellant.

Douglass' petition without a hearing, finding that A & I's December 2006 letter denying the grievance committee request was the final agency decision; the time for seeking judicial review had expired; and Mr. Douglass had not shown excusable neglect justifying an extension of time. Mr. Douglass appealed from the district court's order dismissing his petition.

## STANDARD OF REVIEW

[¶ 9] The district court dismissed Mr. Douglass' petition for review for want of jurisdiction. Whether a court has jurisdiction is a question of law to be reviewed *de novo*. *SEG v. GDK*, 2007 WY 203, ¶ 4, 173 P.3d 395 (Wyo.2007).

[¶ 10] In deciding that it lacked jurisdiction, the district court made the following determinations: A & I's letter constituted final agency action starting the time for filing a petition for review; Mr. Douglass' petition was not filed within 30 days of the letter; and, Mr. Douglass failed to show excusable neglect entitling him to an extension. We give no special deference to these conclusions. *Pinther v. State Dep't of Admin. and Info.*, 2007 WY 56, ¶ 6, 155 P.3d 196, 197 (Wyo.2007). Instead, we review the case as if it had come directly to us from the administrative agency. *Id.*

## DISCUSSION

[¶ 11] WYDOT contends that the district court properly dismissed Mr. Douglass' petition for review because, upon determining that the petition was untimely, the court did not have jurisdiction. Mr. Douglass asserts that there was no final agency "action," only "inaction." Therefore, he asserts, either his petition was premature and the matter should be remanded to WYDOT for a final decision, or his grievance should be deemed to have been denied after a reasonable time and his petition for review was timely from the deemed denied date.

[¶ 12] The filing of a timely, properly authorized, petition for review of administrative action is mandatory and jurisdictional. *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 62, ¶ 7, 155 P.3d 1041, 1043 (Wyo.

2007). Whether a petition is timely under W.R.A.P. 12.04 depends upon whether it is filed "within 30 days after service upon all parties of the final decision of the agency." Thus, the parties are correct that the first question we must consider is whether there was a final agency decision.

[¶ 13] Mr. Douglass contends that after he received Mr. Collins' e-mail informing him that he was not entitled to a salary increase (but that Mr. Collins would "continue to look at this"), he and Mr. Collins did, in fact, continue to meet and discuss the matter and neither Mr. Collins nor WYDOT ever gave him a final answer. He further contends that A & I's letter denying the grievance committee did not advise him that it was a final determination and also did not advise him of his right to appeal or the deadline for filing an appeal. Mr. Douglass asserts that when A & I denied his grievance committee request, he understood WYDOT was still considering his salary increase and had not made a final determination. Mr. Douglass contends that by February 2006, when he still had heard nothing, he filed a petition for review.

[¶ 14] WYDOT addresses Mr. Douglass' argument in a footnote in its brief. WYDOT claims first that Mr. Douglass is estopped from asserting the December A & I letter was not a final agency decision because the assertion contradicts his earlier position that he was seeking review of the December A & I letter. WYDOT claims second that the A & I letter constituted the final agency decision because, pursuant to Chapter 12, §§ 5(d) and 5(e) of the personnel rules and *Pinther*, ¶ 3, 155 P.3d at 197, the denial of a grievance committee is the last step in the grievance process and starts the time for filing a petition for review.

[¶ 15] It is clear from the record that Mr. Douglass sought review of both WYDOT's decision that he was not entitled to a salary increase and A & I's letter denying his request for a grievance committee. We do not find his assertion that the A & I letter was not a final agency decision contradictory to his petition seeking review of the A & I letter. Mr. Douglass is not estopped

854

from seeking review of both agency actions and then making the argument that the district court erred in dismissing his petition because there was no final agency action by WYDOT and the A & I letter was not the final agency decision for purposes of W.R.A.P. 12.04.

[¶ 16] We turn to the question of whether either Mr. Collins' e-mail or A & I's letter constituted final agency action within the meaning of W.R.A.P. 12.01 and 12.04. The latter provision is quoted above. W.R.A.P. 12.01 provides as follows:

> To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, *or who is aggrieved or adversely affected in fact by any other agency action or inaction,* or who is adversely affected in fact by a rule adopted by that agency, may obtain such review as provided in this rule. All appeals from administrative action shall be governed by these rules.

(emphasis added.) This was not a contested case and Mr. Douglass did not claim he was adversely affected by an agency rule. Therefore, Mr. Douglass' right to judicial review arose from the alleged adverse effect of "agency action or inaction." We begin with consideration of the last written communication Mr. Douglass received from WYDOT, Mr. Collins' e-mail.

[¶ 17] This Court has said: "A final administrative order is one ending the proceedings, leaving nothing further to be accomplished. If the agency retains the matter for further action, the order is not final." *MGTC, Inc. v. Public Serv. Comm'n,* 735 P.2d 103, 106 (Wyo.1987) (citations omitted); *see also Board of County Comm'rs v. Exxon Mobil Corp.,* 2002 WY 151, 55 P.3d 714 (Wyo. 2002). Thus, in *MGTC,* a contested case concerning the proper method for calculating the surcharge adjustment on a gas balancing account, this Court held that an agency order requiring the parties to submit documentation showing what refund, if any, was due from MGTC was not a final agency decision. In contrast, in *Ebzery v. City of Sheridan,* 982 P.2d 1251, 1254 (Wyo.1999), we held that

minutes from an agency meeting, rather than a written order entered six weeks later, constituted the final agency decision because the minutes unequivocally granted the variance requested, the agency adopted findings which were dictated into the record at the close of the meeting, the agency did not inform the parties the matter was subject to further consideration, and there was nothing left to accomplish after the meeting. *See also Exxon,* ¶ 30, 55 P.3d at 722.

[¶ 18] In the present case, it was not at all clear that Mr. Collins' e-mail ended the proceedings and left nothing further to be accomplished. The full, unedited text of the e-mail follows:

**From:** Pat Collins
**To:** Douglass, Rich
**Date:** Tue, Oct 31, 2006 5:52 PM
**Subject:** Grievance
Rich:
Just tried to call you. Please call me asap. A & I HR reviewed my decision and said the August 2005 pay table I used was never in effect, and that I should have compared 2004 and 2006. This effectively negates my decision, as this comparison shows the entry at BA01B in '04 to be higher than the entry at PC01 in '06. My sincere apology. I will continue to look at this, and want to discuss it with you.

[¶ 19] At the time he received the e-mail, Mr. Douglass previously had received Mr. Collins' letter, two and one-half pages in length and written on WYDOT stationary, notifying him that he, as the WYDOT director's designee, was recommending the salary increase. The e-mail, while notifying Mr. Douglass that A & I had effectively negated Mr. Collins' decision, also advised Mr. Douglass that Mr. Collins would continue to look at the issue and wanted to discuss it further, suggesting that the matter was not closed as far as WYDOT was concerned. In his affidavit, which WYDOT did not refute, Mr. Douglass averred that he and Mr. Collins had several subsequent discussions about the increase and Mr. Collins did not advise him that WYDOT had made a final decision. Mr. Douglass did not receive any further written communications from WYDOT informing him

of its final decision. Mr. Douglass averred that he believed WYDOT was still considering the matter. Under these circumstances, we hold that Mr. Collins' e-mail did not constitute the final agency decision for purposes of W.R.A.P. 12.04.

[¶ 20] Despite having not received a final decision from WYDOT, Mr. Douglass wrote to A & I and requested the establishment of a grievance committee to hear his salary complaint. Chapter 12, Section 5(e) addresses grievance committees:

> (e) If the decision of the agency head or the designee is unsatisfactory to the employee and if the grievance involves a written reprimand, a disciplinary suspension or an involuntary reappointment, the employee may, within ten (10) days of the date of the decision, request the establishment of a Grievance Committee. *Other matters may be considered by a Grievance Committee at the discretion of the State Human Resources Administrator.* All requests shall be submitted, in writing, to the State Human Resources Administrator and shall include the nomination of an individual to serve as a Grievance Committee member.

(emphasis added.) Pursuant to this provision, the decision whether to grant Mr. Douglass' request for a grievance committee was discretionary because his grievance involved a salary dispute and not a reprimand, suspension or reappointment. A & I's human resources administrator exercised his discretion and denied Mr. Douglass' request. We must decide whether the denial of his request for a grievance committee constituted "the final agency decision" starting the time for filing a petition for review in district court.

[¶ 21] The personnel rules do not clearly state what happens in the grievance process after A & I's human resources administrator denies a request for the establishment of a grievance committee to consider a matter other than a reprimand, suspension or reappointment. Chapter 12, Section 5(h)(ii) clearly provides that a decision made by a grievance committee is final unless the grievance involves a disciplinary suspension or dismissal in which case the employee is entitled to a person-

nel appeal hearing pursuant to Chapter 12, Section 6. Section 6 also clearly provides that a decision after a personnel appeal hearing is final. These provisions do not apply to Mr. Douglass. His grievance did not involve the issues necessary to invoke Section 6; his request for a grievance committee under Section 5 was denied and so no decision was made by a grievance committee. Nowhere do the rules state that A & I's decision to deny a request for a grievance committee is a "final agency decision."

[¶ 22] Chapter 12, Section 5(d) provides in pertinent part:

> A decision by the agency head or the designee shall be the final step in the grievance procedure unless the grievance involves a dispute in accordance with Section 5(e) of this chapter.

Reading this provision together with Chapter 12, Section 5(e), it appears that the final step in the administrative grievance process is the decision by the employee's agency, unless the grievance is one entitling the employee to a grievance committee decision. Thus, in Mr. Douglass' case, the last step would have been WYDOT's final decision to grant or deny his request for a salary increase—if WYDOT had issued one. We have already determined that Mr. Collins' e-mail to Mr. Douglass did not constitute "the final agency decision" within the meaning of W.R.A.P. 12.04(a). Thus, there was no final agency decision starting the 30 days for filing a petition for review.

[¶ 23] WYDOT argues that the A & I letter was the final agency decision because it ended the grievance process and, in *Pinther*, ¶ 8, 155 P.3d at 198, this Court treated a similar grievance committee denial as a final agency decision. Mr. Pinther was an employee of A & I. He sought a job reclassification and salary increase. An A & I supervisory employee advised him in writing that his salary was within the fair and equitable range for the classification and would not be increased. The supervisor also informed him that he could file a grievance with the department head.

[¶ 24] Mr. Pinther submitted a grievance to the head of A & I. They met, discussed Mr. Pinther's grievance, and Mr. Pinther sent a follow-up letter. His agency head did not respond and so Mr. Pinther requested a grievance committee, which A & I's human resources administrator denied. Mr. Pinther filed a petition for review in district court where the denial was upheld. He then appealed to this Court claiming that A & I's department head, the human resources administrator and the district court denied him the benefit of a hearing, the opportunity to cross-examine witnesses and due process.

[¶ 25] We held that the personnel rules did not entitle Mr. Pinther to a hearing and the opportunity to cross-examine witnesses when he presented his grievance to the human resources administrator; rather, the decision to establish a grievance committee was discretionary. *Id.* Given the evidence showing that Mr. Pinther actually received a 9.5% salary increase, we further held there was no abuse of discretion in denying his request. *Id.* ¶ 9, 155 P.3d at 198. We also concluded that Mr. Pinther did not make an adequate showing that under the circumstances he was due more process than he received. *Id.*, ¶ 10, 155 P.3d at 198.

[¶ 26] In *Pinther* this Court was not asked to decide whether A & I's denial of a grievance committee constituted the final agency decision for purposes of W.R.A.P. 12.04. The issue Mr. Pinther presented was whether he was entitled to a hearing and the opportunity to cross-examine witnesses at each stage of the grievance process, that is, before the A & I department head, the A & I human resources administrator and the district court. We held that he was not. Although the denial of a grievance committee was treated as the final agency decision, the question was not raised or decided by this Court.

[¶ 27] Moreover, in *Pinther* the agency supervisor clearly denied Mr. Pinther's request for a salary increase. In contrast, Mr. Collins initially informed Mr. Douglass that he was recommending a salary increase and then later told him by e-mail that A & I had

negated his decision. However, he also said he would continue to look at the issue. Unlike Mr. Pinther, Mr. Douglass never had a formal decision from anyone in his agency unequivocally denying his request.

[¶ 28] Additionally, Mr. Pinther's agency supervisor advised him concerning the next step in the appeal process, thereby signaling the end of that phase of his grievance. In contrast, Mr. Collins did not inform Mr. Douglass of the next step in the process.[3] The fact that he did not, combined with his statement that he would continue to look at Mr. Douglass' request, reasonably could have led Mr. Douglass to believe that his request was still under consideration.

[¶ 29] It is also of some significance that the agency Mr. Pinther worked for was A & I; thus, the agency that denied his request for a salary increase was the same agency that denied his request for a grievance. Under those circumstances, it seems clear that Mr. Pinther's agency had reached a final decision. Mr. Douglass, however, worked for WYDOT, which gave him equivocal responses to his salary increase request. Under these circumstances, A & I's subsequent denial of a grievance committee did not clearly inform Mr. Douglass that WYDOT was no longer considering his request.

[¶ 30] We hold that neither Mr. Collins' e-mail nor A & I's letter constituted the final agency decision within the meaning of W.R.A.P 12.04. Under most circumstances, the conclusion that there was no final agency decision would mean this Court lacked jurisdiction to consider the case and must dismiss the appeal. As Mr. Douglass points out, however, this Court has held that after a reasonable time an agency's inaction is deemed a denial. *Whiteman v. Wyo. Workers' Safety & Comp. Div.*, 984 P.2d 1079 (Wyo.1999). We hold that the period from October 31, 2006, (the date of Mr. Collins' e-mail) to February 16, 2007, (when Mr. Douglass filed his petition for review), a period of over 90 days, constituted a reasonable time; we deem WYDOT's inaction during that time to be a denial of Mr. Douglass' salary in-

---

3. It is of some interest that A & I also did not inform Mr. Douglass concerning his rights in its letter denying his request for a grievance committee.

crease request. Thus, Mr. Douglass' petition for review was timely. We reverse the order dismissing the petition and remand to the district court for consideration of his administrative appeal. The parties shall comply with W.R.A.P. 12.07 in transmitting the agency record to the district court.

[¶31] Reversed and remanded for further proceedings consistent with this opinion.