2007 WY 195

**Ronald MUELLER, as an individual and Director of the Star Valley Ranch Association; and William L. Daley, an individual, Appellants (Plaintiffs),**

**v.**

**Vince ZIMMER, an individual; and Steve Crittenden, an individual, Appellees (Defendants).**

**No. S–07–0043.**

Supreme Court of Wyoming.

Dec. 11, 2007.

Representing Appellants: Robert John Logan, Logan & Powell, LLP, Thayne, Wyoming.

Representing Appellees: John R. Hursh, Central Wyoming Law Associates, PC, Riverton, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellants, Ronald Mueller and William Daley, appeal the district court's order awarding attorney fees and costs to Appellees, Vince Zimmer and Steve Crittenden. We affirm.

### ISSUE

[¶ 2] We restate the issue as follows:

Did the district court abuse its discretion in awarding appellees attorney fees and costs in the amount of $4,241.99?

### FACTS

[¶ 3] This is not the first time these parties have been before this Court in this litigation. In *Mueller v. Zimmer*, 2005 WY 156, 124 P.3d 340 (Wyo.2005), we affirmed the district court's grant of summary judgment on a variety of claims in favor of Appellees. We also remanded the case to the district court for an award of attorney fees to Appellees as a sanction against Appellants for their pursuit of a frivolous claim. This appeal arises from the district court's order awarding those fees.

[¶ 4] The initial litigation involved numerous parties and assorted claims made by Appellants. In resolving the issues presented in this appeal, it is not necessary to restate much of the factual background in the underlying litigation. We discuss here only those facts relevant to this appeal.

[¶ 5] Appellants instituted a shareholder derivative suit against the Star Valley Ranch Association, a charitable corporation. They also made claims against the Board of Directors, various Board members, and former employees. The Defendants included Appellees, who were former employees of the Association. Appellants alleged, among other claims, that the Board of Directors hired Appellees as managers in violation of the Association's bylaws and claimed that their employment was ultra vires. Appellants sought to recover the salaries the Association paid Appellees. The district court granted summary judgment to the Defendants. Appellants appealed to this Court, and we affirmed. Additionally, we imposed sanctions against Appellants, in the form of an award of attorney fees and costs to Appellees, because the ultra vires claim was frivolous and brought in bad faith.

[¶ 6] Our prior discussion on the substantive ultra vires issue noted that "[a] simple review of our statutes shows that Appellants' claim is utterly devoid of merit." *Mueller*, ¶ 23, 124 P.3d at 353. We stated:

Appellants did not cite or discuss Wyo. Stat. Ann. § 17–19–304 [relating to ultra vires claims] in their argument on this issue. The egregiousness of this failure is compounded by the fact that Appellants were obviously aware of the statute because they cite it in support of an argument on another issue. Appellants' argument is not only not cogent, it is frivolous, and we can only conclude that the claim was pursued in bad faith. The summary judgment is affirmed.

*Id.*, ¶ 24, 124 P.3d at 354.

[¶ 7] Later in the opinion, we explained our decision to award attorney fees and costs:

Appellants' argument has been characterized by the failure to provide evidence in support of their allegations and by the repeated presentation of contentions that are not cogent or supported by citation to any relevant legal authority. We specifically have found that Appellants' claim that the employments of Zimmer and Critten-

den were ultra vires was frivolous and brought in bad faith considering their failure to cite the relevant statutory provision. Accordingly, we will require Appellants to pay all of the defendants' reasonable expenses, including counsel fees incurred in defending that particular claim. While tempted to award fees and costs for the other derivative claims brought by Appellants, we decline to do so after careful consideration of the matter. We remand this matter to the district court for a determination of those fees and costs.

*Id.,* ¶ 44, 124 P.3d at 362 (footnote omitted).

[¶ 8] On remand, Appellees initially sought to recover their total costs and attorney fees. They contended that our order applied to their defense of all derivative claims, not just the ultra vires claim. Appellants, on the other hand, asserted that our order applied only to attorney fees and costs associated with the ultra vires claim. The district court certified the question, but we declined to address it, stating:

> The scope of our remand was sufficiently set forth in *Mueller.* We specifically found that the ultra vires derivative claim was frivolous and pursued in bad faith. We declined to award fees and costs for any of the other derivative claims. We remanded only for a determination of the fees and costs associated with the defense against the ultra vires derivative claim and award of such to "all of the defendants" to the extent incurred, if any.

[¶ 9] Appellees subsequently revised their claim to include only the costs and fees attributable to their defense of the ultra vires claim, and moved for an award of $4,583.66. The motion was supported by a ledger of costs and an affidavit from defense counsel. The affidavit explained that the Defendants' counsel did not contemporaneously track the costs associated with the ultra vires claim. Instead, counsel arrived at the figure by reviewing depositions, motions, work product, and billing records, and determined that 13.5% of the work was specific to the ultra vires claim. Counsel then applied that amount to the total costs, $33,953.03, for a total request of $4,583.66. Defense counsel's hourly billing rate was $150.00 per hour.

After accounting for $193.50 that Appellants had previously paid and other downward cost adjustments, Appellees revised their total requested amount to $4,241.99.

[¶ 10] At the conclusion of the hearing, the district court awarded Appellees the requested attorney fees and costs, reasoning as follows:

> THE COURT: ... Well, this is a most unusual case. Normally, as has been pointed out, this issue comes to us by way of the Supreme Court's mandate that we go through this. I guess at the outset, I do remember spending [a] considerable amount of time researching the ultra vires issue during the motion for summary judgment, so I know it was an issue. There was a lot of other, I think, more substantive issues with regard to this. But I guess given where we are-and I can understand. I understand what the Supreme Court is saying. I believe it's more from a matter of having precision in terms of having ledgers and accounts on each claim, but, quite frankly, in our modern pleading, you know, we have in many cases such as this multiple counts. Sometimes, it's two different ways of saying the same thing. When it gets down to saying, "Now, you sort out what you spent on one claim as opposed to another," I believe that's a practical impossibility because sometimes, for example, in a contract claim, you have a breach of contract. You don't have a lawsuit any more on contract without the tort theory of breach of covenant of good faith and fair dealing. In both of those, you're plowing a lot of same ground as to what the breach was, for example. So how do you allocate the two?
>
> So in terms of where we are, basically, the choice I've got is nothing or $4,241.99.
>
> I take in terms of what has been described here in the affidavits, what [Appellees' counsel] has submitted, it's obvious to the Court that he's done his best. It really falls in the nature of expert testimony, if you want to call it that. He's trying to describe his methodology in allocating them out. As we have in most things where you have opinion type of testimony,

the other side is saying, "Well, it's speculation."

Given the choice between the two, in terms of where I'm at, I do find that [Appellees' counsel] has met his burden of proof and burden of persuasion. I'm going to award the $4,241.99 attorney's fees.

Appellants now appeal the district court's decision.

## STANDARD OF REVIEW

[¶ 11]   We review an award of attorney fees for an abuse of discretion. *Cline v. Rocky Mountain, Inc.*, 998 P.2d 946, 951 (Wyo.2000).

"A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did."

*Id.* (quoting *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997)).

We have said that "[j]udicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo. 2003). If the record includes sufficient evidence to support the district court's exercise of discretion, we uphold its decision. *In re KJD*, 2002 WY 26, ¶ 21, 41 P.3d 522, 527 (Wyo.2002).

*Hayzlett v. Hayzlett*, 2007 WY 147, ¶ 7, 167 P.3d 639, 641–42 (Wyo.2007).

## DISCUSSION

[¶ 12]   We note initially that Appellants do not contest the reasonableness of the $150 hourly rate charged by Appellees' attorney. The essence of Appellants' position in this appeal is that, because Appellees failed to provide an itemized statement reflecting only fees and costs incurred in defense of the ultra vires claim, there is insufficient evidence in the record to support the award.

Appellants claim that the failure to provide a separate itemization is fatal to Appellees' claim. Appellants rely upon our decisions in *Miles v. CEC Homes, Inc.*, 753 P.2d 1021 (Wyo.1988) and *Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 33, 58 P.3d 322, 330 (Wyo.2002), in support of their assertion that "[s]egregation between multiple claims is required." Their reliance is misplaced because both cases are factually distinguishable from the instant case.

[¶ 13]   In *Miles*, the attorney represented two clients, only one of whom was legally entitled to an award of attorney fees pursuant to a contract. 753 P.2d at 1027. The fee application set forth the total attorney fees incurred by both clients. The district court entered an order awarding attorney fees for one half of the total amount. We reversed because we found no evidence in the record supporting the district court's decision. We explained:

In addressing the subject of attorney fees, we have said that an award of attorney fees "necessarily carries with it a considerable amount of discretion in the trial court" and that this discretion "is based upon the court's experience and knowledge in that professional field in which it is deemed to have peculiar competence." *Lebsack v. Town of Torrington*, Wyo., 698 P.2d 1141, 1148 (1985). There must, however, be some proof or evidentiary basis for determining a reasonable fee. *Anderson v. Meier*, Wyo., 641 P.2d 187 (1982). We cannot discern from the record an evidentiary basis for the trial court's determination that CEC should receive one-half of the total amount of attorney fees. As far as we can tell, the only evidence to support this division of fees is the fact that there were two plaintiffs. This alone does not provide a sufficient evidentiary basis for the award.

The burden of proving the amount of an attorney fee award rests on the party seeking the award. *See Downing v. Stiles*, Wyo., 635 P.2d 808 (1981). Because CEC failed to carry this burden, we must reverse the attorney fee award.

*Id.*

[¶ 14]   In contrast to the situation presented in *Miles*, the record here contains a

factual basis for the district court's decision. Defense counsel's ledgers and affidavit provided information allowing the district court to make an informed decision regarding a proper attorney fee award. Counsel's affidavit explained the calculation method in detail. Counsel in this case also clearly explained why he was unable to separate the claims simply based on the firm's ledgers. Furthermore, the district court was intimately familiar with the parties, the issues, and the overall litigation. It was in an excellent position to evaluate whether the Defendants' documentation and calculations fairly attributed reasonable costs to the particular claim at issue.

[¶ 15] In *Jensen*, we found no abuse of discretion in the district court's decision denying Mr. Jensen's request for attorney fees pursuant to Wyo. Stat. Ann. § 27–4–104(b) (LexisNexis 2001).[1] We held that denial of the attorney fee claim was warranted because Mr. Jensen had failed to establish that he had prevailed on his claim for past due wages. We also stated the following, on which Appellants rely:

> Implicit in this directive is the requirement that a party must show segregation is impossible before he may recover for claims for which there is no authorization of fee shifting. Jensen made no attempt to show that segregation of the fees for each claim was impossible. As the district court recognized, wages justly due and the amount spent on each claim were never established. Under these circumstances, it was not an abuse of the district court's discretion to deny recovery of statutory attorney fees.

*Id.*, ¶ 33, 58 P.3d at 330–31 (footnote omitted). Appellants' case, however, is distinguishable from Mr. Jensen's. It is undisputed that Appellees are entitled to attorney fees for their defense of the ultra vires claim brought by Appellants. Additionally, and significantly, in this case counsel provided an

explanation for his failure to segregate the fees for each of the claims, and the district court found that the segregation of fees by specific claim was a "practical impossibility." In short, there was a sufficient evidentiary basis for the district court's award of attorney fees and costs. We find no abuse of discretion in the district court's award of attorney fees.

[¶ 16] Affirmed.

---

1. Wyo. Stat. Ann. § 27–4–104(b) states that:
    Whenever an employee who has quit or has been discharged from service has cause to bring suit for wages earned and due, and shall establish in court the amount which is justly due, the court shall allow to the plaintiff interest on the past due wages at the rate of eighteen percent (18%) per annum from the date of discharge or termination, together with a reasonable attorney fee and all costs of suit. Prosecution of a civil action to recover unpaid wages does not preclude prosecution under W.S. 27–4–105.