2008 WY 128

**James STAFFORD, d/b/a Evergreen Tree Care, Appellant (Defendant),**

v.

**JHL, INC., d/b/a Jackson Hole Landscaping, Appellee (Plaintiff).**

No. S–07–0285.

Supreme Court of Wyoming.

Oct. 22, 2008.

⚷⟿65(2)

Representing Appellant: John H. Robinson of Jamieson & Robinson, LLC, Casper, Wyoming; Timothy W. Miller, Casper, Wyoming.

Representing Appellee: Glenn W. Myers of Moore Myers & Garland, LLC, Jackson, Wyoming.

Before GOLDEN, HILL, KITE, and BURKE, JJ., and FENN, D.J.

FENN, District Judge.

[¶1]   A breach of contract claim between Appellant, James Stafford d/b/a Evergreen Tree Care (Evergreen), and JHL, Inc., d/b/a/ Jackson Hole Landscaping (JHL) was tried before a jury.   Subsequently, Evergreen sought an award for attorneys' fees pursuant to a contract provision.   The district court denied the request for attorneys' fees for the following reasons: 1) the statements for fees were not properly itemized;  2) it was unclear who the prevailing party was;  and 3) neither party had completely clean hands so as to demand equity.   We find the trial court did not abuse its discretion in denying Evergreen's request for attorneys' fees.

[¶2]   We therefore affirm.

### ISSUES

[¶3]   Evergreen presents two issues on appeal:

1.   Whether the trial court erred as a matter of law in denying Appellant attorneys' fees and costs under the parties' contract.

2.   Whether Appellant is entitled to his attorneys' fees and costs on appeal.

JHL presents four issues on appeal.   However, these are substantially similar to Evergreen's *Statement of the Issues,* and will be addressed through the two issues listed by Evergreen.

### FACTS

[¶4]   In January 2005, the parties entered into a contract whereby Evergreen agreed to

sell its tree grooming business to JHL. The contract included the following attorney fee provision:

> Should either party be required to obtain an attorney to enforce any part of this agreement, the prevailing party will be entitled to recover reasonable costs and fees, including, but not limited to, attorney fees.

[¶ 5] Under the contract, JHL was to make three installment payments to satisfy the contract. The total price was $114,000 plus interest of $885. The payments were to be made as follows: (1) a $10,000 nonrefundable deposit paid at the signing of the contract on January 2, 2005; (2) a $45,000 payment due January 31, 2005; and (3) a final payment of $59,885 due April 30, 2005. The contract afforded the parties the opportunity to complete additional due diligence before the final payment. If JHL decided not to make the final payment after further due diligence, it forfeited the first two payments. JHL made the first two payments and the parties initiated additional due diligence as provided under the contract.

[¶ 6] In mid-April of 2005, Evergreen decided it did not want to go through with the sale and sent JHL a refund check for $55,000. JHL refused the check and retained counsel. Through counsel, the parties agreed to go forward with the sale.

[¶ 7] Evergreen again attempted to avoid the sale by making misrepresentations regarding the number of actual customers on its customer list which was to be provided as part of the due diligence and sale. Despite these misrepresentations, JHL sought to close the sale.

[¶ 8] On April 22, 2005, JHL asked Evergreen to move the closing date up to April 29, 2005. Evergreen agreed. However, on April 27, 2005, JHL filed suit requesting specific performance, as well as damages for breach of the contract. JHL deposited the amount of the final payment ($59,885) with the Clerk of District Court. The April 29, 2005, closing date passed without final payment being made or the parties closing on the contract.

[¶ 9] Evergreen timely answered and counterclaimed for breach of contract and defamation. JHL withdrew the funds deposited with the Clerk of District Court. After discovery, Evergreen's defamation counterclaim was dismissed with prejudice.

[¶ 10] On May 31, 2005, the district court heard oral arguments on the *Plaintiff's Motion for Specific Performance and Injunctive Relief.* The district court denied JHL's motion for specific performance.

[¶ 11] During the course of the proceedings, the district court granted JHL's *Motion to Compel* and awarded sanctions for its reasonable costs and attorneys' fees relating to the discovery dispute. Subsequently, the district court entered another *Order for Sanctions* against Evergreen pursuant to W.R.C.P. 37(b) based upon its further lack of compliance with discovery requests.

[¶ 12] A two day jury trial was held beginning April 5, 2007, on the remaining claims between the parties. The jury returned a special verdict finding that: 1) Evergreen had breached the contract but the breach did not harm JHL; 2) Evergreen did not commit actionable fraud because JHL had not relied upon any misrepresentations by Evergreen and JHL did not suffer any damages as a result of Evergreen's misrepresentations; and 3) JHL breached the contract which caused damage to Evergreen in the amount of $55,000 dollars. The district court entered judgment consistent with the jury verdict.

[¶ 13] Evergreen subsequently filed a *Motion for Award of Attorneys' Fees* asserting that it was the prevailing party and was entitled to attorneys' fees pursuant to the provisions of the contract. The district court denied the motion stating from the bench: "I don't think you're [Evergreen] the prevailing party, and that the fees reasonably incurred to enforce the contract were not itemized sufficiently[.]" In its written order, the district court wrote that "neither party to this transaction had completely clean hands so as to demand equity. * * * * In light of the various rulings in this case and the jury's verdict, neither Plaintiff [JHL] nor Defendant [Evergreen] could be considered the prevailing party." Evergreen appeals the

denial of its *Motion for Award of Attorneys' Fees.*

### STANDARD OF REVIEW

[¶ 14] We review the denial of an award for attorney fees for an abuse of discretion. *Mueller v. Zimmer,* 2007 WY 195, ¶ 11, 173 P.3d 361, 364 (Wyo.2007) (citing *Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 951 (Wyo.2000)).

A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.

*Cline,* 998 P.2d at 951 (quoting *Johnston v. Stephenson,* 938 P.2d 861, 862 (Wyo.1997)).

[¶ 15] We have said that "[j]udicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Mueller,* ¶ 11, 173 P.3d at 364 (quoting *Ekberg v. Sharp,* 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo. 2003)). If the record includes sufficient evidence to support the district court's exercise of discretion, we uphold its decision. *MTM v. LD (In re KJD),* 2002 WY 26, ¶ 21, 41 P.3d 522, 527 (Wyo.2002).

### DISCUSSION

#### I. Inadequacy of Itemization of Attorneys' Fees

[¶ 16] We have consistently held that Wyoming follows the American Rule which states that each party is responsible for his own attorney's fees in the absence of an express contractual or statutory provision to the contrary. *Dewey v. Wentland,* 2002 WY 2, ¶ 50, 38 P.3d 402, 420 (Wyo.2002) (citing *McGuire v. Lowery,* 2 P.3d 527, 533 (Wyo.2000)). Even in the event of a valid contractual provision for attorney's fees, we have clearly stated that a trial court has the discretion to exercise its equitable control to allow only such sum as is reasonable or the

court may properly disallow attorney's fees altogether on the basis that such recovery would be inequitable. *Dewey,* ¶ 50, 38 P.3d at 420 (citing *McGuire* 2 P.3d at 533). *See also, Shepard v. Beck,* 2007 WY 53 ¶ 17, 154 P.3d 982, 989 (Wyo.2007); *Castleberry v. Phelan,* 2004 WY 151, ¶ 12, n. 2, 101 P.3d 460, 463–464 (Wyo.2004).

[¶ 17] Although the record shows that the attorneys' fees were meticulously recorded, Evergreen failed to sufficiently itemize those fees to show which were properly recoverable and which were not. The record supports the district court's conclusion that the fees were not adequately itemized to allow a reviewing court to identify each claim. For example, Evergreen was sanctioned for discovery abuses. Evergreen failed to sufficiently itemize and exclude fees relating to such discovery abuses. Clearly, Evergreen should not be allowed to recover fees relating to issues for which it was specifically sanctioned. Similarly, while Evergreens' attorneys' affidavit attested that only one hour of the total claimed attorney fees was related to its dismissed defamation counterclaim, the submitted invoicing failed to reflect that itemization. In order to award attorney fees, the records kept should, "enable a reviewing court to identify distinct claims." *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 595 (Wyo.1989) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). We cannot distinguish from the record which fees were identified with distinct claims.

[¶ 18] Furthermore, the trial court has equitable discretion that this court will not disturb absent an abuse of discretion. *Dewey,* ¶ 50, 38 P.3d at 420, (citing *McGuire,* 2 P.3d at 534). The district court found that both parties came to the court with unclean hands. This is supported by the record and jury verdict. Both parties were found to have breached the contract. Accordingly, the trial court did not abuse its discretion in denying the award of attorneys' fees on equitable grounds.

[¶ 19] Evergreen's claim for appellate attorneys' fees is likewise denied.

While we have adopted the general rule that "a contract for a reasonable attorney's fee in enforcing [the contract's] provisions embraces an allowance for legal services rendered upon appeal as well as during trial," it would be inconsistent to award appellate fees after finding no abuse of discretion in the district court's denial of attorneys' fees. *Ahearn v. Tri–County F.S.B.*, 954 P.2d 1371, 1373 (Wyo.1998) (citing *Shoup v. Mayerson*, 454 P.2d 666, 670 (Okla.1969); *Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472, 475–76 (1973); *Cabot v. First Nat'l Bank of Santa Fe*, 81 N.M. 795, 474 P.2d 478, 479–80 (1970)).

[¶ 20] We therefore affirm the district court's denial of attorneys' fees, and deny any attorneys' fees associated with this appeal.