2009 WY 90

**Wesley M. WHITE and Carole A. Kenney, Appellants (Plaintiffs),**

**v.**

**STATE of Wyoming, ex rel., The WYOMING DEPARTMENT OF TRANSPORTATION and Harold Dwain Carey, Appellees (Defendants).**

No. S–08–0224.

Supreme Court of Wyoming.

July 10, 2009.

Representing Appellants: Bernard Q. Phelan, Phelan Law Offices, Cheyenne, Wyoming.

Representing Appellees: Bruce A. Salzburg, Attorney General; Theodore Racines, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]    Appellants, Wesley White and Carole Kenney, challenge the district court's order dismissing their complaint pursuant to W.R.C.P. 37(b)(2)[1] as a sanction for their failure to comply with two orders compelling discovery.  We affirm.

### ISSUE

[¶ 2]    Did the district court abuse its discretion when it dismissed Appellants' cause of action pursuant to W.R.C.P. 37(b)(2)?

### FACTS

[¶ 3]    On July 10, 2006, Appellants filed their complaint.  They sought damages for personal injuries incurred as a result of a motor vehicle collision allegedly caused by Mr. Carey's negligence.  They alleged that, at the time of the collision, Mr. Carey was acting in the course and scope of his employment as a snowplow operator for the State of Wyoming.  On December 12, 2006, the district court entered a scheduling order requiring that discovery be completed no later than 10 days prior to trial.  Two days later, the court set the case for trial on April 10, 2007.  Shortly thereafter, the court entered a *Stipulated Scheduling Order* providing that "discovery shall be completed by April 1, 2007."  On March 9, 2007, the district court entered an order rescheduling the trial for June 18.  The April 1, 2007 discovery cut-off date remained in effect.

[¶ 4]    On April 2, Appellees filed *Defendants' Motion for Order Compelling Discovery*.  They alleged that they had served Appellants with interrogatories and requests for production on February 16 and that Appellants had failed to respond to the discovery requests.  Appellants did not respond to the motion.  The district court granted the motion and ordered that Appellants provide discovery responses no later than April 13.  The court also ordered Appellants to reimburse

1.  W.R.C.P. 37(b)(2) states, in pertinent part:
 If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or ... an order entered under Rule 26(f), the court ... may make such orders in regard to the failure as are just, and among others the following:

 ...
 (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Appellees for costs incurred in filing the motion to compel discovery. The order warned that "[f]ailure to comply with this Order may result in a dismissal of this action."

[¶ 5] On May 14, Appellees filed *Defendants' Motion to Dismiss Complaint*. In the motion, Appellees alleged that Appellants still had not complied with Appellees' discovery requests, and asked the court to impose sanctions, including dismissal of Appellants' complaint with prejudice. Appellees included as attachments excerpts from Appellants' depositions. In response to questions regarding the reason for the failure to provide discovery responses, Mr. White stated in his deposition:

I now work out in Grover, Colorado. I drive back and forth every day working from 7:00 in the morning until 5:30 at night. My travel time starts at 6:00 a.m., and I don't get home until around 6:30 every evening Monday through Saturday. So that right now has been keeping me from getting the information. I'm trying to balance a lot of things right now, but basically get some money in the door so I can live. So I apologize for not getting that in. I apologize to the Court and everybody else on that. I'm really trying hard to cover all bases.

Ms. Kenney's deposition contained the following exchange:

Q. [By Appellees' Counsel] And there was a number of interrogatories, written answers, that you needed to get in. Do you understand that?

A. Yes.

Q. And they're a little over due [sic].

A. Yes.

Q. Is there any reason for that?

A. Just been extremely busy, and I did get them down and give them to [Appellants' Counsel].

Q. So I'll get them shortly. Other things took precedence over the case?

. . .

A. Yeah, life in general.

Q. Anything in particular?

A. My work, my job.

[¶ 6] In response to Appellees' motion to dismiss, Appellants alleged that they had provided all materials in their possession and that they gave "releases to obtain information of any kind" to Appellees. Appellants also claimed that they were "preparing responses to the written discovery requests and will have them to [Appellees] on or before May 29." On May 30, Appellants filed a *Revised Response to Motion to Dismiss*, in which they stated that responses to written discovery requests would be delivered no later than May 30. The court held a hearing on the matter on May 31.

[¶ 7] On July 10, the district court entered an *Order on Rule 37 Sanctions*. In that order, the court noted that Appellants submitted some responses to Appellees' discovery requests, but found them to be deficient because:

a. Plaintiff White failed to provide any answers to interrogatories in writing under oath, failed to sign his answers to interrogatories and failed to answer in a timely manner in violation of W.R.C.P., Rules 33(b)(1)(2) and (3).

b. Plaintiff Kenney failed to provide her answers in a timely manner in violation of W.R.C.P., Rule 33(b)(1)(2).

c. Plaintiff White failed to produce medical reports pertaining to previous injury, tax records, employment records, worker's compensation records, record of driving history, title and registration of the vehicle involved in the crash, union records and audio tape of Circuit Court proceedings concerning the citation issued as a result of this incident.

d. Plaintiff Kenney has failed to produce medical reports pertaining to previous injury, tax records, [and] employment records.

[¶ 8] At this point, the district court declined Appellees' request to dismiss Appellants' complaint. It did, however, order Appellants to pay Appellees' expenses and fees relating to the motions to compel discovery. The court also ordered Appellants to supply answers to interrogatories within 10 days and to provide requested documents within 30 days. In doing so, the court stated that

"[i]t is the intent of the Court that [Appellants] bear the burden of producing these items. This Order shall not be satisfied merely by providing a waiver to the Defendants." Once again, the court warned that "Failure to comply with this Order may result in further sanctions, including dismissal of [the] Complaint." The court vacated the trial and ordered that it be reset only after Appellants complied with the order and submitted notarized certification of compliance to the court.

[¶ 9] On June 13, 2008, Appellees filed a *Renewed Motion to Dismiss*. In this motion, they alleged that Appellants still had not responded to Appellees' discovery requests as required by the court's *Order on Rule 37 Sanctions*, and that Appellants had not paid the costs and fees imposed as a sanction in that order. Appellees requested that the action be dismissed both for failure to comply with the court's discovery order and for lack of prosecution. Appellees' motion was subsequently amended to note that Mr. White had produced the Circuit Court audio tape cassette as the district court required. The court held a hearing on this motion on July 21. Appellants did not dispute that they failed to comply with the court's *Order on Rule 37 Sanctions*. On July 25, Appellants filed a *Notice and Certification of Providing Discovery*. This notice stated that certain documents had been provided to Appellees. It identified several of Mr. White's prior employers, and stated that Mr. White had previously given Appellees an "employment records release." The notice was not signed by either Appellant-only by their counsel-and it was not notarized. On August 20, the court entered an *Order Granting Defendants' Motion to Dismiss*. The court found Appellants' behavior "egregious" and, as a sanction for failing to comply with the court's discovery orders, dismissed the suit with prejudice. This appeal followed.

## STANDARD OF REVIEW

[¶ 10] We review the district court's dismissal of an action for failure to comply with discovery requirements for abuse of discretion. *Global Shipping & Trading, Ltd. v. Verkhnesaldincky Metallurgic Co.*, 892 P.2d 143, 145–46 (Wyo.1995). We affirm if the court's action was within the bounds of reason under the circumstances. *Mueller v. Zimmer*, 2007 WY 195, ¶ 11, 173 P.3d 361, 364 (Wyo.2007).

## DISCUSSION

[¶ 11] A party served with discovery requests must respond within 30 days of service unless that party objects or moves for a protective order. *E.g.*, W.R.C.P. 33(b)(3) and 34(b); *Farrell v. Hursh Agency, Inc.*, 713 P.2d 1174, 1177–78 (Wyo.1986). It is undisputed that Appellants did not respond to Appellees' discovery requests within the requisite 30–day period, and did not respond at all to some of the requests. It is also undisputed that Appellants never filed any objection or motion for a protective order in response to the discovery requests.

[¶ 12] When Appellants failed to provide discovery responses, Appellees sought an order compelling discovery pursuant to W.R.C.P. 37(a). The court found that Appellants had failed to comply with their discovery obligations and entered an order compelling compliance. If a party fails to comply with a court's discovery order, the court has broad discretion to issue further orders and to impose such sanctions "as are just." W.R.C.P. 37(b)(2). Among the sanctions specifically mentioned in the rule is "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." W.R.C.P. 37(b)(2)(C). "Rule 37 clearly authorizes the court to dismiss pleadings as well as grant default judgment against the disobedient party." *Global Shipping*, 892 P.2d at 146.

[¶ 13] In *Global Shipping*, the underlying facts were similar to the current case. We affirmed the district court's dismissal of the plaintiffs' complaint and entry of judgment in the defendants' favor on their counterclaims. We stated:

> The plaintiffs were given ample opportunity to comply with the district court's discovery order, and they were given adequate notice and warning by the district court that failure to comply would result in these sanctions.... Yet the plaintiffs

failed to comply. The plaintiffs cannot now complain of what they were notified would happen upon their failure to comply with the district court's discovery order. "Little sympathy will be shown those who undermine the principles of discovery." *Caterpillar Tractor Co. v. Donahue*, 674 P.2d 1276, 1285 (Wyo.1983). The district court's order was clear that the plaintiffs failed to comply with the court's discovery order and, based upon that failure, the plaintiffs' complaint was dismissed and default was entered against them.

*Id. See also Farrell*, 713 P.2d at 1178–80 (entry of default not abuse of discretion where the court entered two orders compelling discovery; the second warned that default judgment would result, and defendant failed to comply).

[¶ 14] Appellants were provided with ample opportunity to comply with the court's orders prior to dismissal. The court specifically warned Appellants in each order that failure to comply could result in dismissal of their complaint. Despite these warnings, Appellants failed to comply with the court's orders. Appellants imply throughout their brief that Appellees' discovery requests were unduly burdensome and overbroad. If Appellants believed that to be the case, they should have objected to the requests or moved for a protective order. Failure or refusal to comply was not an alternative available under the rules. We hold that, under the circumstances of this case, the district court did not abuse its discretion.[2]

[¶ 15] We address one additional point raised by Appellants. They contend that we should find *per se* abuse of discretion because the district court, in its initial order compelling discovery, vacated the trial and stated that a new date would not be set until Appellants paid the costs imposed as a sanction. There is no indication in the record that Appellants presented this argument to the district court. In their appeal, the claim is not supported by citation to authority or cogent argument. Appellants' argument consists of a single paragraph that does nothing more than make a vague, conclusory claim that the district court improperly barred their access to the courts, with a general citation to art. 1, § 8 of the Wyoming Constitution.[3] In addition to lacking cogent argument or citation to relevant authority, this claim is without merit. W.R.C.P. 37(b)(2)(C) specifically permits the court to enter an order "staying further proceedings until the order is obeyed." W.R.C.P. 37(b) provides that the trial court "shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." We have expressly held that there is no violation of art. 1, § 8 of the Wyoming Constitution when a district court orders a trial postponed until sanctions are paid. *Terry v. Sweeney*, 10 P.3d 554, 559–60 (Wyo.2000). Finally, we emphasize that Appellants did have "access to the courts" when they filed their complaint. The action was dismissed solely because of Appellants' failure to comply with appropriate court orders.

[¶ 16] Affirmed.

---

2. Appellants have noted that the Court of Appeals for the Tenth Circuit employs a five-factor test for whether dismissal was proper, articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). We have not adopted this test. Appellants do not explicitly ask this Court to adopt the *Ehrenhaus* factors, nor do they provide any reasons that we should consider doing so.

3. Art. 1, § 8 of the Wyoming Constitution states in full:

   All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct.