2011 WY 9

**AMERICAN NATIONAL BANK, Trustee of the Louise J. Sara Irrevocable Trust Dated March 14, 2003, Appellant (Petitioner),**

v.

**Joseph D. SARA, Appellee (Respondent).**

No. S–10–0104.

Supreme Court of Wyoming.

Jan. 21, 2011.

Representing Appellant: Harriet M. Hageman and Kara Brighton of Hageman & Brighton, P.C., Cheyenne, Wyoming. Argument by Ms. Hageman.

Representing Appellee: Scott W. Meier and Lucas E. Buckley of Hathaway & Kunz, P.C., Cheyenne, Wyoming. Argument by Mr. Buckley.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] American National Bank (ANB), acting as Trustee of the Louise J. Sara Irrevocable Trust, appeals the district court's denial of ANB's motion to enforce a settlement agreement between Louise J. Sara and Joseph D. Sara (Joseph). ANB is also appealing the district court's denial of attorneys' fees and costs associated with filing the motion to enforce. Finding that the district court erred in denying ANB's motion to enforce, we will reverse that portion of the district court's order with further instructions as detailed below, but we will uphold the district court's denial of an award of attorneys' fees and costs.

## ISSUES

[¶ 2] 1. Did the district court err in finding that the current action was a quiet title action and therefore the district court did not retain jurisdiction to decide the matter?

2. Did the district court err in finding that the Release, Waiver and Satisfaction of All Claims did not discharge the mortgage and note at issue in this case?

3. Did the district court abuse its discretion by ordering the parties to pay their own attorneys' fees and costs?

## FACTS

[¶ 3] The history of this case and the development of the current conflict dates back to 2000. A series of lawsuits, countersuits, and motions were filed in late 2000 and beyond, between members of the Sara family, against each other, personally, and in their capacity as personal representatives and trustees of various family trusts. The actions involved numerous issues arising out of squabbles over ownership and control of various real and personal property owned by the Sara family and trusts controlled by members of the Sara family. The disputes ultimately led to a Release, Waiver and Satisfaction of all Claims (Release), which Release was signed in October 2001, by all of the parties, both personally and in their capacity as personal representatives or trustees. As a result of the Release, the parties filed a Stipulation for Dismissal with Prejudice of all the actions previously filed by the parties. The district court then entered an Order of Dismissal with Prejudice, signed by all of the parties, dismissing with prejudice all of the parties' lawsuits. In addition to dismissing all of the lawsuits, and at the request of the parties, the district court also ordered that it would retain jurisdiction over the action in order to enforce the Release in the future.

[¶ 4] In May 2009, ANB, acting as Trustee of the Louise J. Sara Irrevocable Trust, filed a Motion to Enforce Release, Waiver and Satisfaction of All Claims.[1] ANB's motion was in response to a demand by Joseph for payment on a note secured by a mortgage on property belonging to the Louise J. Sara Irrevocable Trust. The property, located at 422 West 3rd Avenue in Cheyenne, was transferred to the Louise J. Sara Irrevocable Trust pursuant to the Release. Prior to the property being transferred, it was part of the Restated Dominic Sara Living Trust Agreement, controlled by Joseph as the Trustee. ANB's motion to enforce argued that the note and mortgage were discharged pursuant to the Release and Joseph's attempts to collect on the note violated the Release. The motion requested that the district court enforce the Release and find that the note and mortgage had been discharged by the Release. ANB also sought attorneys' fees and expenses associated with ANB's motion. The district court denied ANB's motion to enforce, holding that ANB's motion to enforce was actually a quiet title action and that the district court did not retain jurisdiction over such an action. The district court

---

1. Louise J. Sara is the mother of Joseph, both of whom were parties to the Release. Louise J. Sara was the Trustee of the trust bearing her name until her death in 2007, at which time ANB became the Trustee.

further ruled that to the extent it retained jurisdiction over any portion of ANB's motion to enforce, the Release did not discharge the note and mortgage. The district court also denied ANB's request for attorneys' fees and expenses. This appeal by ANB followed.

## DISCUSSION

### *Did the district court err in finding that the current action was a quiet title action and therefore the district court did not retain jurisdiction to decide the matter?*

[¶ 5] This question of whether a district court lacks jurisdiction to decide a matter is reviewed *de novo*. *See William F. West Ranch, LLC v. Tyrrell*, 2009 WY 62, ¶ 9, 206 P.3d 722, 726 (Wyo.2009); *Douglass v. Wyo. Dep't of Transp.*, 2008 WY 77, ¶ 9, 187 P.3d 850, 853 (Wyo.2008). The law in Wyoming relating to retained jurisdiction is clear: a court may retain jurisdiction over a stipulation or settlement agreement for the purpose of enforcing the terms of the stipulation or settlement agreement, if the order of dismissal so provides and the parties agree. *Rawlinson v. Wallerich*, 2006 WY 52, ¶ 12, 132 P.3d 204, 208–09 (Wyo.2006) (citing 8 [James Wm. Moore et al.,] *Moore's Federal Practice* [§] 41.34[[6][a], at 41–122, [h], at 41–125 (3d ed. (2010)] )).

[¶ 6] In response to ANB's Motion to Enforce Release, Waiver and Satisfaction of All Claims, the district court determined that ANB's motion was a quiet title action and, based on the Release, the district court did not retain jurisdiction over such an action. We disagree with the district court and hold that ANB's motion was not a quiet title action but, rather, was a motion to enforce the Release, which is exactly the kind of action over which the district court retained jurisdiction. The Release provides that "[t]he parties agree that the Court will retain jurisdiction in this matter for the purpose of enforcing the terms and conditions of this Release." Additionally, the subsequent Stipulation for Dismissal with Prejudice entered by the parties provides that "[t]he parties also request that this Court retain jurisdiction in this matter for the purpose of enforc-ing the RELEASE, WAIVER AND SATISFACTION OF ALL CLAIMS agreed to by the parties."

[¶ 7] In part, ANB's motion to enforce provides as follows:

American National Bank (ANB), Trustee of the Louise J. Sara Irrevocable Trust Dated March 14, 2003 (Louise Sara Trust) ... pursuant to the Order of Dismissal with Prejudice filed in the above-captioned matter, hereby moves this Honorable Court for an Order enforcing the "Release, Waiver and Satisfaction of all Claims" ("the Release") in its favor. In support of this Motion, ANB states the following:

1. The Release was executed by all Plaintiffs, Defendants, Counter–Plaintiffs and Counter–Defendants on October 31, 2001, including Joseph D. Sara and Sharon L. Sara.

2. The Release fully and finally settled all claims originating out of lawsuits surrounding the property of Louise J. Sara and the Estate of Dominic Sara and the Dominic Sara Living Trust, including mortgages.

3. Joseph D. and Sharon L. Sara have attempted to collect on a certain "mortgage" which allegedly encumbered real property that was in dispute as part of the above-captioned lawsuits. Specifically, Mr. and Mrs. Sara claim to have a "mortgage" that allegedly encumbers the home where Louise J. Sara (Joseph D. Sara's mother) lived prior to her passing, which property is located at 422 West 3rd Avenue, Cheyenne, Wyoming.

. . . .

5. The "mortgage" was fully and finally released, waived and satisfied under the terms of the Release.

6. The real property allegedly encumbered by the "mortgage," referred to in the "mortgage" as "Tract Two," was released from the "mortgage," and as of October 31, 2001, the "mortgage" had no further legal effect as to the property.

. . . .

WHEREFORE, ANB respectfully requests that this Court enter an Order enforcing the Release in its favor. . . .

[¶ 8] It is clear that the parties requested, and the district court ordered, that the district court retain jurisdiction in order to enforce the Release. ANB's motion was in response to Joseph's attempts to collect on the note and mortgage, which note and mortgage existed prior to the Release. Furthermore, the note and mortgage related to property and parties subject to the Release. Consequently, Joseph's attempts to collect on the note and mortgage relating to this particular property, against a party to the Release, directly implicated the terms and conditions of the Release. ANB's motion sought to enforce the Release, which was the purpose of the district court's retained jurisdiction. The question was whether the note and mortgage were released in the settlement. This was not a quiet title action.

### Did the district court err in finding that the Release, Waiver and Satisfaction of All Claims did not discharge the mortgage and note at issue?

[¶ 9] Although the district court determined that ANB's motion was really a quiet title action and therefore the district court did not retain jurisdiction, the district court went on to hold that to the extent the district court did retain jurisdiction over the matter that the Release did not discharge the mortgage and note. We find that conclusion to be in error. The determination of this issue requires this Court to interpret the Release entered into by the parties.

[¶ 10] "A settlement agreement is a contract and, therefore, subject to the same legal principles that apply to any contract." *Dobson v. Portrait Homes, Inc.*, 2005 WY 95, ¶ 9, 117 P.3d 1200, 1204 (Wyo.2005); *see also Dorr v. Wyo. Bd. of Certified Pub. Accountants*, 2006 WY 144, ¶ 16, 146 P.3d 943, 953 (Wyo.2006). In that regard, we have said the following relating to the interpretation of contracts:

The primary focus is on determining the intent of the parties to the contract. The initial question is whether the language of the contract is clear and unambiguous. If it is, then the trial court determines the parties' intent from the contract language alone. It does not consider extrinsic evidence, although it may consider the context in which the contract was written, including the subject matter, the purpose of the contract, and the circumstances surrounding its making, all to help ascertain what the parties intended when they made the contract. The trial court then enforces the contract in accordance with the plain meaning its language would be given by a reasonable person. All of these issues— deciding whether a contract is unambiguous, determining the parties' intent from the unambiguous language, and enforcing the contract in accordance with its plain meaning—involve questions of law for the trial court. When we undertake de *novo* review of the trial court's conclusions of law, we follow the same familiar path. *See Double Eagle Petroleum & Mining Corp. v. Questar Exploration & Production Co.*, 2003 WY 139, ¶¶ 7–8, 78 P.3d 679, 681–82 (Wyo.2003), *and cases cited therein.*

*Terris v. Kimmel*, 2010 WY 110, ¶ 7, 236 P.3d 1022, 1025 (Wyo.2010) (quoting *Horse Creek Conservation Dist. v. State ex rel. Wyo. Attorney Gen.*, 2009 WY 143, ¶ 25, 221 P.3d 306, 315 (Wyo.2009)).

[¶ 11] Regarding the property in question, the Release provides as follows:

At Closing, Louise J. Sara shall be deeded the property located at 422 West 3rd Avenue, Cheyenne, Wyoming, by Warranty Deed in the form attached hereto as Exhibit B. Such Warranty Deed transfers to Louise J. Sara the Trust's ownership in the following described real estate:

The property located at 422 West 3rd Avenue, Cheyenne, Wyoming, more particularly described as:

Lot 12, Block 25, Moore Haven Heights Addition, Second Filing, City of Cheyenne, Laramie County, Wyoming, including improvements thereon.

Louise J. Sara assumes all existing liabilities and expenses associated with the foregoing property.

The district court and Joseph rely on the final provision of this section of the Release, which states that Louise J. Sara would assume all liabilities and expenses associated

with the property, in order to argue that the Release did not discharge the mortgage and note associated with the property. However, that provision is just one of many in the Release. When interpreting a contract, "the contract as a whole should be considered, with each part being read in light of all other parts." *Dorr*, 2006 WY 144, ¶ 16, 146 P.3d at 953. To that end, when the Release is considered as a whole, the purpose and intent of the Release become clear. The intent of the Release was to satisfy and release all existing claims that all the parties had against each other, which included the mortgage and note. Two such provisions in the Release support this interpretation. The first of those provisions provides as follows:

21. This Release, Waiver and Satisfaction of All Claims (Release) is entered into as a full, complete, and total settlement of any and all claims held by plaintiffs, defendants, counter-plaintiffs, or counter-defendants, their heirs, assigns, and/or beneficiaries, direct or indirect, economic or non-economic, and any claims that may or may not be known and/or contemplated as of the date of this Release. *The parties further agree to execute any and all documents necessary to effectuate the purpose of this Release, whether such documents are specifically referenced herein or are otherwise necessary.*

(Emphasis added.)

[¶ 12] The second provision in the Release that provides insight into the intent of the Release provides as follows:

22. The terms of this Release as set forth above are more than a mere recital, and act as an acknowledgment of the full, complete, and total settlement of any claims alleged or asserted for purposes of these lawsuits, or that could have been alleged or asserted and which may originate from the factual matters that form the basis for the lawsuits that were filed by the parties.

These provisions underscore the obvious intent behind the parties entering into the Release. Clearly the parties intended to settle once and for all any claims that they had against one another. The Release is clear and the language is unambiguous. Any claims that Joseph had based on the note and mortgage as they related to the property that Louise J. Sara took pursuant to the Release were extinguished when Joseph signed the Release, and he was obligated to execute a release of the mortgage.

[¶ 13] Joseph argues that such an interpretation is erroneous because it would render the clause in the Release requiring Louise J. Sara to assume all existing liabilities and expenses associated with the property meaningless. It is true that when we construe a contract, we endeavor to avoid interpreting it in a way that would render any provision meaningless. *Scherer v. Laramie Reg'l Airport Bd.*, 2010 WY 105, ¶ 11, 236 P.3d 996, 1003 (Wyo.2010). The Release is unambiguous and, contrary to Joseph's position, we have interpreted the Release consistent with the parties' intent and in a manner that gives effect to each provision. Our conclusion that the intent of the Release was to discharge any and all claims the parties had against each other does not render meaningless the provision regarding Louise J. Sara taking the property subject to existing liabilities and expenses. Instead, that provision remains entirely effective against third parties who were not parties to the Release. The mortgage and note existed prior to the execution of the Release and affected property and parties that were part of and subject to the Release. To conclude that the Release did not discharge the mortgage and note would undermine the purpose and intent of the Release, that the parties release all claims and liabilities against each other. Consequently, we find that the district court erred in concluding that the Release did not discharge the mortgage and note. We will remand to the district court for entry of an order enforcing the Release and discharging the note and mortgage in question.

### *Did the district court abuse its discretion by ordering the parties to pay their own attorneys' fees and costs?*

[¶ 14] ANB argues that the district court abused its discretion when it ordered each party to pay its own attorneys' fees and costs associated with filing and defending the mo-

tion to enforce. Regarding denials of an award of attorneys' fees and costs, we have said the following:

> We review the denial of an award for attorney fees for an abuse of discretion. *Mueller v. Zimmer*, 2007 WY 195, ¶ 11, 173 P.3d 361, 364 (Wyo.2007) (citing *Cline v. Rocky Mountain, Inc.*, 998 P.2d 946, 951 (Wyo.2000)).
>
> > A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.
>
> *Cline*, 998 P.2d at 951 (quoting *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997)).
>
> We have said that "[j]udicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Mueller*, ¶ 11, 173 P.3d at 364 (quoting *Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo. 2003)). If the record includes sufficient evidence to support the district court's exercise of discretion, we uphold its decision. *MTM v. LD (In re KJD)*, 2002 WY 26, ¶ 21, 41 P.3d 522, 527 (Wyo.2002).

*Stafford v. JHL, Inc.*, 2008 WY 128, ¶¶ 14–15, 194 P.3d 315, 318 (Wyo.2008). Furthermore,

> Wyoming follows the American rule that each party is normally responsible for his or her own attorney fees. There are two exceptions to this rule: when there is an express statutory authorization or a contractual provision that allows for an award of attorney fees to a party. We have denied attorney fees where neither exception is applicable.

*Snodgrass v. Rissler & McMurry Co.*, 903 P.2d 1015, 1017 (Wyo.1995) (internal citations omitted).

[¶ 15] The Release provides the following regarding attorneys' fees and costs:

> 26. As part of this Release, Louise J. Sara, Richard P. Sara, Joseph D. Sara, and Sharon L. Sara acknowledge that they have had the opportunity to consult with and be represented by independent legal counsel of their own choosing, and that each of the parties shall be responsible for their own attorneys' fees, costs, and associated expenses pertaining to the prosecution and defense of these lawsuits.

This provision does not pertain to the current issue of attorneys' fees and costs associated with ANB's later motion to enforce; rather, it pertains to fees and costs that occurred prior to the Release. There is no contract between the parties that would alter the American rule as it applies to the attorneys' fees and costs relating to ANB's motion to enforce.

[¶ 16] ANB acknowledges that Wyoming follows the American rule; nevertheless, ANB argues that Joseph should be required to pay ANB's attorneys' fees and costs because Joseph acted in bad faith in concealing the existence of the mortgage and note until long after the Release was executed, and then attempted to collect on the note and mortgage. ANB relies on *Snodgrass*, 903 P.2d at 1017, for the proposition that in the absence of a contractual provision or statutory authority a party may be awarded attorneys' fees and costs if he or she can show that "fraud, malice, oppression or willful wrong has occurred." In *Snodgrass*, we did note an exception to the American rule, stating that "[i]n a replevin action, a party may be awarded attorney fees when they can show that 'fraud, malice, oppression or willful wrong' has occurred." 903 P.2d at 1017 (quoting *Olds v. Hosford*, 354 P.2d 947, 950 (Wyo.1960)). As indicated by the text of that quote, the exception has been limited to replevin actions. *Snodgrass* did not expand the holding in *Hosford* beyond replevin actions, but was determined instead on our conclusion that bad faith had not been proven. *Snodgrass*, 903 P.2d at 1019; *see also McNeill Family Trust v. Centura Bank*, 2003 WY 2, ¶ 32, 60 P.3d 1277, 1289 (Wyo. 2003) (noting the fraud exception in replevin actions). We are not convinced that the facts of this case are such that we should broaden

the exception to the American rule mentioned in *Snodgrass*.

### CONCLUSION

[¶ 17] The district court erred in holding that ANB's motion to enforce was a quiet title action and that the district court lacked jurisdiction to determine such an action. ANB's motion clearly sought to enforce the terms of the Release. Furthermore, the district court erred in determining that the note and mortgage at issue in this case were not discharged by the Release. The clear intent of the parties entering into the Release was to discharge and release any and all claims that the parties had against each other, either individually or in their capacity as personal representatives or trustees. The note and mortgage were claims held by Joseph prior to entering into the Release and were subsequently discharged upon signing the Release. Accordingly, we reverse that portion of the district court's order and remand this matter to the district court for entry of an order discharging the note and mortgage at issue. Finally, the district court did not abuse its discretion in applying the American rule and requiring the parties to pay their own attorneys' fees and costs.

[¶ 18] Reversed and remanded.