# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 83

### APRIL TERM, A.D. 2017

### July 7, 2017

TAMRA ACORN, REBECCA SHWEN, in their capacity as managers of FEDERER HOLDING COMPANY, a Wyoming closed limited liability company,

Appellants
(Defendants),

v.

LORI MONCECCHI and DINO MONCECCHI,

Appellees
(Plaintiffs).

S-16-0259

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellants:*
> John M. Walker and Robert J. Walker, Hickey & Evans, LLP, Cheyenne, Wyoming.

*Representing Appellees:*
> Anna M. Reeves Olson and Weston W. Reeves, Park Street Law Office, Casper, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]    Appellants Tamra Acorn, Rebecca Shwen, and Federer Holding Company, LLC, filed a motion to recover attorney fees and costs incurred in this litigation.  The district court denied the motion, and Appellants challenge that decision in this appeal.  We affirm.

## *ISSUES*

[¶2]    Appellants present two issues:

> 1.    Did the district court err when it found that Appellants Tamra Acorn and Rebecca Shwen were not entitled to attorney fees under W.R.C.P. 54?
>
> 2.    Did the district court err when it found that Appellants Tamra Acorn and Rebecca Shwen, as managers of Federer Holding Company, LLC, were not entitled to costs under W.R.C.P. 54?

## *FACTS*

[¶3]    The background of this case is set forth in *Acorn v. Moncecchi*, 2016 WY 124, ¶ 1, 386 P.3d 739, 744 (Wyo. 2016) ("*Acorn I*"):

> During the course of their marriage, M. W. "Bud" Federer (Bud) and Margie Federer (Margie) amassed a sizeable estate, predominantly comprised of apartment complexes throughout Wyoming.  The Federers formed numerous entities to manage their holdings for their benefit during their lives, and for the benefit of their three daughters.  As so often happens, the parents' attempt to impose harmony along with the assets they conveyed to the next generation was unsuccessful.  The sisters disagreed about money, and those disagreements blossomed into accusations of misconduct and breaches of the duties that attach to their roles as trustees and LLC managers.  The sisters filed claims, counterclaims, and cross-claims, which the district court sorted out after a bench trial.[1]

---

[1] The Federers' three daughters are Rebecca Shwen, Lori Moncecchi, and Tamra Acorn.  *Acorn I*, ¶ 3,

[¶4]    The claims sorted out by the district court, and their resolutions, were as follows:

> 1.    Appellants asserted that the Federer Operating Agreement allowed Appellants Rebecca Shwen and Tamra Acorn to be added as co-managers of the company.  Prior to the bench trial, the district court granted summary judgment on this claim in favor of Appellants.  Appellees did not pursue an appeal of this ruling, and the district court's summary judgment decision was not at issue in *Acorn I*.

> 2.    Appellants claimed that Appellee Dino Moncecchi had breached his duties to Federer.  We affirmed the district court's ruling in favor of Appellees.  *Acorn I*, ¶¶ 33-52, 386 P.3d at 750-55.

> 3.    Appellees claimed that Appellant Rebecca Shwen had breached her duties as trustee of the Trust, and sought her removal as trustee.  We affirmed the district court's ruling in favor of Appellees.  *Id.*, ¶¶ 53-73, 386 P.3d at 755-61.

> 4.    Appellees claimed damages as a result of Ms. Shwen's breach of her fiduciary duties.  The district court ruled that Appellees had failed to prove their damages to a reasonable degree of certainty.  We reversed the district court's ruling on the basis that it had applied an incorrect burden of proof.  We remanded this claim for an award of damages to Appellees consistent with our opinion.  *Id.*, ¶¶ 74-81, 386 P.3d at 761-63.

> 5.    Appellants sought judgment against Appellees on a debt owed to the Trust.  The district court found this claim to be frivolous and brought in bad faith, and awarded attorney fees to the Appellees.  We affirmed the district court's ruling.  *Id.*, ¶¶ 82-87, 386 P.3d at 763-65.

---

386 P.3d at 744.  This litigation began in 2013 when Lori Moncecchi and her husband Dino Moncecchi filed suit against Tamra Acorn, Rebecca Shwen, Federer Holding Company, LLC, and the Margie Jean Federer Revocable Trust.  In this opinion, we will refer to Lori and Dino Moncecchi as "Appellees," and to Tamra Acorn, Rebecca Shwen, and Federer Holding Company, LLC, collectively, as "Appellants." The Margie Jean Federer Revocable Trust is not a party to this appeal, but when it appears in our discussion we will refer to it as "the Trust."

[¶5]   On March 3, 2016, Appellants filed a motion in the district court to recover costs and attorney fees incurred in this litigation.  The district court denied the motion.  Appellants filed this timely appeal.

## *DISCUSSION*

[¶6]   Wyoming subscribes to the American rule on recovery of attorney fees, under which "each party is generally responsible for his own attorney fees." *Alexander v. Meduna*, 2002 WY 83, ¶ 49, 47 P.3d 206, 220 (Wyo. 2002).  "However, a prevailing party may be reimbursed for his attorney fees when express statutory or contractual authorization exists for such an award." *Id.*, ¶ 49, 47 P.3d at 220-21.  Appellants contend that they are entitled to recover attorney fees and costs pursuant to Section 15.9 of the Federer Operating Agreement, which provides as follows:

> If the Company resorts to litigation to remedy a breach of this Agreement by a Manager or Member or former Manager or Member and the Company prevails in the litigation, in addition to any other remedies available to the Company under this Agreement or by law, the Company shall collect its reasonable attorney fees and other costs and expenses of litigation.

[¶7]   Our standard of review for this claim is explained in *Thorkildsen v. Belden*, 2011 WY 26, ¶ 8, 247 P.3d 60, 62 (Wyo. 2011):

> Ordinarily, we review a district court's denial of an attorney fee award for abuse of discretion. *Stafford v. JHL, Inc.*, 2008 WY 128, ¶ 14, 194 P.3d 315, 318 (Wyo. 2008).  However, when the determination of whether a party is entitled to attorney fees is based upon a contract providing for such fees, our usual rules of contract interpretation apply.  When contractual language is clear and unambiguous, the interpretation and construction of contracts is a matter of law for the courts. *Cheek v. Jackson Wax Museum, Inc.*, 2009 WY 151, ¶ 12, 220 P.3d 1288, 1290 (Wyo. 2009).  We review questions of law *de novo* without giving any deference to the district court's determinations. *Id.*

[¶8]   Of the five claims listed in the Facts section above, Appellants prevailed only on their claim that Appellants Rebecca Shwen and Tamra Acorn could be added as co-managers of Federer.  By its unambiguous language, Section 15.9 of the Operating Agreement does not apply to this claim.  The claim was not "litigation to remedy a

breach of this Agreement by a Manager or Member or former Manager or Member." Appellants were not entitled under the Operating Agreement to recover attorney fees and costs associated with this claim.

[¶9] In contrast, Section 15.9 of the Operating Agreement may have applied to Appellants' claim that Mr. Moncecchi violated his duties to the company. As set forth in the Facts section above, however, we affirmed the district court's ruling against Appellants on this claim. Appellants were not entitled to recover attorney fees and costs associated with this claim because they did not prevail.

[¶10] Appellants next contend that they are entitled to recover costs pursuant to W.R.C.P. 54(d)(1), which generally provides that costs "should be allowed to the prevailing party." "We review a district court's grant or denial of attorneys' fees and costs for abuse of discretion." *Elk Ridge Lodge, Inc. v. Sonnett*, 2011 WY 106, ¶ 17, 254 P.3d 957, 962 (Wyo. 2011) (citing *Mueller v. Zimmer*, 2007 WY 195, ¶ 11, 173 P.3d 361, 364 (Wyo. 2007)).

> A court abuses its discretion when it acts in a manner that exceeds the bounds of reason under the circumstances. *Lykins v. Habitat for Humanity*, 2010 WY 118, ¶ 9, 237 P.3d 405, 408 (Wyo. 2010); *Snyder v. Lovercheck*, 992 P.2d 1079, 1084 (Wyo. 1999). "The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did." *Nish v. Schaefer*, 2006 WY 85, ¶ 6, 138 P.3d 1134, 1137 (Wyo. 2006); *Snyder*, 992 P.2d at 1084.

*Jones v. Artery*, 2012 WY 63, ¶ 8, 275 P.3d 1244, 1247 (Wyo. 2012).

[¶11] The district court denied Appellants' claim for costs because it did not consider them "to be a 'prevailing party' as that term is used in Rule 54(d)." The trial court has broad discretion to deny an award of costs in cases with "mixed outcomes." *See Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 46, 179 P.3d 867, 879 (Wyo. 2008). The outcome obtained by Appellants in this litigation was mixed at best. They prevailed on a single claim. Appellees prevailed on all four remaining claims. Given these results, the district court could reasonably conclude that Appellants did not prevail in this litigation.

[¶12] Appellants point out that the costs they sought to recover were incurred only "from the time of the filing of the initial lawsuit to the time of the receipt of the order granting . . . the motion for partial summary judgment." Appellants do not claim costs or attorney fees for the claims decided against them subsequent to the district court's summary judgment decision. However, they assert that they are entitled to recover costs

and fees incurred solely to obtain summary judgment in their favor on this initial claim. We reject Appellants' attempt to sever a single claim from the rest of the litigation. "The case must be viewed as a whole to determine who was the 'prevailing party.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). When this case is viewed as a whole, the district court could reasonably conclude that Appellants were not prevailing parties. We find no abuse of discretion in the court's decision denying Appellants' motion to recover costs.

[¶13] Appellees seek an award of attorney fees under W.R.A.P. 10.05(b), asserting that Appellants failed to present cogent argument in support of the relief requested. To award fees under this rule, the Court must certify that "there was no reasonable cause for the appeal." We are unable to reach that conclusion in this case.

[¶14] Affirmed.